UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE D. JOHNSON,

    Plaintiff,

    v.                                                     Case No. 05-C-887

MATTHEW J. FRANK, PHILLIP KINGSTON,
STEVEN SCHUELER, CORRECTIONAL
OFFICER SPURGEON, OFFICER KAISER,
OFFICER REINKE, OFFICER FEUCHT,
OFFICER VANDERBUSH, OFFICER ENTERINGER,
SERGEANT HEIDEMANN, LIEUTENANT BREAMER,
and GEORGE KAEMMERER,

    Defendants.

**ORDER**

Plaintiff Dwayne D. Johnson, who is incarcerated at the Waupun Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

The plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial

partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $1.85.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co.

2

v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

The plaintiff was incarcerated at Waupun Correctional Institution (WCI) at all times relevant. The defendants are: Wisconsin Department of Corrections (DOC) Secretary Matthew J. Frank, WCI Warden Phillip Kingston, Captain Steven Schueler, Officer Spurgeon, Officer Kaiser, Officer Reinke, Officer Feucht, Officer Vanderbush, Officer Enteringer, Sergeant Heidemann, Lieutenant Breamer, and Crisis Intervention Worker George Kaemmerer.

On February 23, 2005, the plaintiff was housed in the health segregation complex where he was under investigation for enterprises and fraud and for theft. He was "in depressed state of mind due to an accumulation of personal, family and institution problems in my personal life." (Compl. at 5 ¶ 19.) On March 7, 2005, the plaintiff received a major conduct report charging him with theft, enterprises and fraud, possession of contraband, and misuse of state property. At the disciplinary hearing on these charges, the plaintiff was found guilty and the adjustment committee sentenced him to eight days adjustment and 360 days disciplinary segregation.

On March 28, 2005, defendant Spurgeon distributed the breakfast meal trays. Defendant Spurgeon handed the plaintiff his breakfast tray, stated "kill yourself" to the plaintiff, and then walked away from his cell. Id. at 5 ¶ 22. Then, when defendant Spurgeon was picking up the meal trays later that day, he told the plaintiff to "use your imagination and be creative." Id. at 5-6 ¶ 23. The plaintiff asserts that defendant Spurgeon's words have "caused and continue to cause plaintiff mental and emotional anguish and harm as well as mental, emotional and physical injuries." Id. at 6 ¶ 25. As a direct result of defendant Spurgeon's sadistic orders, "the plaintiff tried to kill himself on March 28, 2005." Id. at 6 ¶ 27.

On March 28, 2005, the plaintiff told defendant Kaiser that he was going to kill himself, just like defendant Spurgeon ordered him to do, and for Kaiser to go and get defendant Spurgeon. Approximately five minutes later, defendants Spurgeon and Kaiser returned to the plaintiff's cell along with Officer Namhes and Sergeant Spittles. Defendant Spurgeon tried to talk the plaintiff out of hanging himself.

Defendant Spurgeon handcuffed the plaintiff, removed him from cell B-222, and took him to the strip cages that officers use when inmates enter the segregation complex. For approximately

forty-five minutes, the plaintiff was kept handcuffed in the strip cage during which time several officers attempted to talk to him about why he wanted to kill himself. Clinical Services was contacted with regard to the suicide attempt. In addition, defendant Kaemmerer came to talk to the plaintiff during this time, but the plaintiff refused to talk with him.

On March 30, 2005, the plaintiff signed up to take a shower before breakfast and requested his razor from defendant Reinke. There were no guards supervising the plaintiff during the shower. The plaintiff tried to kill himself with his razor. The plaintiff asserts that these actions were a direct result of defendant Spurgeon's "maliciously, sadistic inhumane comments and the total lack of supervision during showers by defendants." Id. at 8 ¶ 48. He also states:

> While plaintiff was in the shower plaintiff sustained numerous cuts on left wrist and neck area. These injuries are a direct result of defendants' 'deliberate indifference' to plaintiff's mental health and safety needs in not providing qualified mental health personnel for plaintiff's suicide evaluation on March 28, 2005, and by correctional officers' inhumane sadistic treatment and lack of supervision of plaintiff during showers on March 30, 2005.
>
> Plaintiff was not placed in observation status or given a razor restriction by defendant Kaemmerer after his suicide attempt on March 28, 2005, plaintiff was never evaluated by a licensed, qualified mental health professional after 1st attempt to kill himself.

Id. at 9 ¶¶ 51-52.

Following his suicide attempt, the plaintiff refused to comply with defendant Schueler's order to drop the razor blade. Then defendant Schueler approved the use of chemical agents on the plaintiff and the plaintiff was hit with two separate bursts of a chemical agent. The plaintiff subsequently complied with defendant Schueler's order to drop the razor blade.

Defendant Schueler placed the plaintiff on observation status in cell A-226 on upper A-Range. When inmates are placed into observation status, the inmate gets only a 10 feet by 3 feet

5

black rubber mat that is "just like a tire rubber." Id. at 11 ¶ 68. There is nothing else in the cell except a concrete block as a bed, a sink, and a toilet. The plaintiff asserts that he suffered from cold temperatures and from sleeping on a rubber mat while on observation status.

The plaintiff alleges that he was denied meals in retaliation for "telling on" defendant Spurgeon on the following dates: 1) March 30, 2005, denied dinner meal bag by defendant Vanderbush; 2) April 1, 2005, denied breakfast meal bag by defendant Reinke; 3) April 1, 2005, denied lunch meal bag by defendant Reinke; 4) April 1, 2005, denied dinner meal bag by defendant Entringer; 5) April 2, 2005, denied breakfast meal bag by defendant Feucht; 6) April 3, 2005, denied breakfast meal bag by defendant Heidemann; 7) April 3, 2005, denied lunch meal bag by defendant Feucht; and 8) April 4, 2005, denied breakfast meal bag by defendant Feucht.

The court finds that the plaintiff has alleged sufficient facts to support Eighth Amendment claims with respect to his suicide attempts, the conditions on observation status, and the denial of food. He also states a retaliation claim concerning the denial of food.

## Plaintiff's Motion to Appoint Counsel

The plaintiff has moved for the appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (see Mallard v. United States District Court, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would

6

be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. Jackson, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id.

Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the case is in its initial stages, and the defendants have not responded. Without the benefit of the defendants' answers, at present, the issues in this case appear to be straightforward and uncomplicated. Moreover, the plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel is denied without prejudice.

### Plaintiff's Motion for Injunction and Temporary Restraining Order

On September 27, 2005, the plaintiff filed a motion for injunction and temporary restraining order. The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no

7

adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. Id. The court also must consider the effect of the injunction on nonparties. Id.

The plaintiff seeks an order enjoining the defendants from:

> [h]arassing impeding plaintiff from doing legal research, obtaining affidavits, denying plaintiff access to law library and confiscating plaintiff's essential legal papers concerning this on going civil action, and to stop them from retaliating against plaintiff by writing conduct report in efforts to confiscate above described legal documents.

(Pl.'s Injunction and Temporary Restraining Order at 1.) The plaintiff further requests that the defendants be restrained from:

> [h]arassing and impeding plaintiff's access to legal research, obtaining affidavits from witnesses, attending law library weekly, confiscating any of plaintiff's legal materials, documents pertaining to on going civil actions in Case No. 05-CV-887, and to return all legal papers, complaint and affidavits confiscated by Sergeant Mittlesteadt on September 2, 2005.

Id. at 2.

The plaintiff filed an affidavit in support of his motion in which he avers that since filing this lawsuit he has been "harassed and impeded in obtaining essential affidavits from witnesses." (Affidavit of Dwayne D. Johnson ¶ 5.) He further avers that his legal documents, including his only copy of the complaint, have been confiscated, and that he has been denied access to the law library to conduct legal research.

This case is at an early stage in that the defendants have not yet made an appearance. Eventually, a scheduling order will be issued setting deadlines for the completion of discovery and

for the filing of dispositive motions. The court expects that the plaintiff will be able to conduct legal research and discovery, as appropriate, at a later date. His motion for injunctive relief to that effect right now is premature. Therefore, the plaintiff's motion for a permanent injunction and temporary restraining order will be denied.

The plaintiff also complains that the defendants confiscated his only copy of the complaint, although he does not specify which defendant. The court will send the plaintiff a copy of his complaint, together with a copy of this order.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #3) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for permanent injunction and temporary restraining order (Docket #7) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants provide the plaintiff with a copy of the complaint.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

9

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $248.15 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 21st day of October, 2005.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge